WEBB, JUDGE:
Claimants brought this action to recover $58,750.00 from the respondent which amount represents the bond paid to respondent for claimants to reserve a liquor license for a store in the City of Charleston. Claimants allege that they later were informed by respondent that the area where the store was to be opened was in fact in a different market zone. That being the case, claimants elected not to complete the purchase of the license, and the bond was forfeited to respondent. The Court is of the opinion to make an award in this claim for the reasons more fully stated below.
The facts in this claim reveal that claimant, Gordon W. Lewis, Jr.,[4] and his daughter, Lilly M. Lewis, made a decision to place a bid for a liquor store license from respondent in order to open a liquor store in Charleston with the intention to locate a store at Ashton Place or Southridge Center, both of which are shopping areas adjacent to Corridor G. Their firstchoice of location was Ashton Place, but they were denied a permit by the City of Charleston for that location. Their second choice for location of the store was Southridge Center. Claimants initially bid for a license in the Market Zone 36 based upon documents which they received from respondent in their bid package which described Market Zone 36 as “City of Charleston.” A map *85 of the zones throughout West Virginia depicted various zones with numbers and there was a circle showing Market Zone 36 with the notation, City of Charleston, as the description of the zone boundaries. All of the discussions that claimant Mr. Lewis had with his daughter about the Market Zone 36 related to the City of Charleston. When the attempt to obtain a permit for a store a Ashton Place was denied, they turned their attention to a location at Southridge Center. It was at that time in the end of April 2000 that they learned that the portion of Southridge Center available for a liquor store was actually in Market Zone 38. Claimant Lilly M. Lewis attempted to search for another location in the City of Charleston defined as Market Zone 36, but her efforts proved to be fruitless.
Both claimants and Marie Lewis (wife of claimant Gordon W. Lewis, Jr.) testified that they believed that Southridge Center was within the city limits of Charleston and thus the Market- Zone 36 included all of that area. However, respondent’s definition of the City of Charleston did not include this area along Corridor G because the market zone boundaries were defined by respondent as being those boundaries in place for the bids for liquor store licenses in 1990. Claimants eventually gave up pursuit of finding a suitable location with the boundaries of Market Zone 36. Prior to the second round of bidding, claimants requested that respondent allow them to apply their bond to a bond for Market Zone 38, or, in the alternative, take inventory for the bond, but respondent refused consideration of these requests. Since they did not provide full payment for their license for a liquor store in Market Zone 3 6, respondent demanded and collected the amount of the bid bond from claimants in the amount of $58,750.00, which constitutes the amount of this claim.
Respondent relies upon the provisions in WV Code §60-3A-7(a)which states, in part, “The market zones established by the board for the retail sale of liquor within this state under the enactment of this section in one thousand nine hundred ninety may not be modified by the board unless authorized by the Legislature.” This statutory provision is the basis for Rule 7.1 which states, “The market zones established by the Board for the retail sale of liquor within this State under the enactment of W. Va. Code §60-3A-7 in 1999 may not be modified by the Board unless authorized by the Legislature.” Therefore, the retail liquor licensing board uses the boundaries for its market zones as set in 1990 and, at that time, the boundaries for the City of Charleston did not include the Southridge Center. Market Zone 36, although noted as being the City of Charleston, does not include all that property which is now within the city limits. Thus, the property including the Southridge Center annexed by the City of Charleston after 1990 was not a part of Market Zone 36 and the license bid upon by claimants did not permit a liquor store at that location. In accordance with the provisions of §60-3A-l 0(f) respondent forfeited claimants’ bid bond. Respondent does not have a fiscal method to make a reimbursement of the amount collected on the bid bond even if it desired to do so.
In fact, the area of Southridge Center of interest to claimants is a part respondent’s Market Zone 38, and claimants eventually were successful in the second round of bidding and they obtained a liquor store license for Market Zone 38 which included the portion of Southridge Center where claimants located their liquor store.
The Court heard testimony at the hearing of this c laim and in the presentation of evidence concerning the assertion by claimants that they were misled by the bid documents and believed that they were placing a bid for all of the locations available within the city limits of the City of Charleston. They did not realize that there had been a boundary change between 1990 and 1999 when the City of Charleston annexed *86 property which included a portion of the Southridge Center. This boundary change could not be included by respondent in Market Zone 36 based upon the provisions in WV Code §60-3 A-7 which limited the boundaries of the zones throughout West Virginia to the 1990 boundaries. However, there was nothing on the boundary descriptions to inform bidders of this unusual statutory quirk which affected the boundary limits for the City of Charleston. There was no language which indicated that the boundary was not the actual city limits. The Court believes that claimants were inadvertently misled by the bidding documents to their financial detriment, i.e., that respondent retained claimants’ bid bond in the amount of $58,750.00 and claimants received nothing in return. Claimants actually paid a second bid bond to obtain its license for Market Zone 38.
The respondent, on the other hand, was unjustly enriched under the facts in this particular scenario. The Court is of the opinion that the unjust enrichment which occurred herein constitutes an inequity that is unconscionable on the part of the State. Therefore, the Court has determined that the claimants are entitled to recover the bid bond money paid in good faith for a license in Market Zone 36. Equity and good conscience demand that moral obligations of the State be recognized by this Court which was created for the citizens of this State by the Legislature for this purpose.
In accordance with the findings of fact stated herein above, the Court makes an award to claimants in the amount of $58,750.00.
Award of $58,750.00.

 Claimant Gordon W. Lewis, Jr., had been a successful bidder for a liquor store license in 1990, and he has operated a liquor store in Greenbrier so he had experience with the bidding process.